UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SOLOMON FILIMON                                                          PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:26-CV-245-DCB-RPM

RAFAEL VERGARA                                                          RESPONDENT


## REPORT AND RECOMMENDATION

Before the Court is Petitioner Solomon Filimon's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native and citizen of Eritrea, filed his pro se Petition [1] on March 30, 2026, challenging his detention during his removal proceedings and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention. Since the filing of his Petition, Petitioner's removal order became final, and he is now detained under 8 U.S.C. §1231(a). Having considered the Petition [1], the Response [8], and the relevant law, the undersigned recommends that the Petition be dismissed without prejudice because Petitioner's claims alleged under §1225(b)(2) are now moot, and any post-removal-period detention claim is premature under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

### I. BACKGROUND

Petitioner entered the United States without inspection in October 2024. *See* Ex. A to Resp. [8-1]. Petitioner was detained and placed in removal proceedings. *Id*.; *see also* Pet. [1] at 2. In July 2025, an immigration judge ordered that Petitioner be removed from the United States. Pet. [1] at 4; *see also* Ex. B to Resp. [8-2]. Petitioner appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed his appeal on April 23, 2026. Ex. B to Resp. [8-2]; Ex. C to Resp. [8-3]. Petitioner filed his Petition on or about March 30, 2026, while his appeal to the BIA was pending,

and almost a month prior to the BIA's dismissal of his appeal. Pet. [1] at 6.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

In his Petition, Petitioner challenges his detention during his removal proceedings, claiming "Violation of constitutional right of liberty. Denial of due process[,]" and seeking his immediate release from detention. Pet. [1] at 6-7. Petitioner appears to challenge his mandatory detention under 8 U.S.C. § 1225(b)(2), which applies during removal proceedings. However, since filing his Petition, Petitioner's order of removal became administratively final, and he is now being detained under 8 U.S.C. §1231(a). *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The Government is correct that [petitioner's] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the 'removal period' . . . ."); *Vetcher v. Barr*, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding that petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231") (citing

*Andrade*, 459 F.3d at 542-43). Accordingly, Petitioner's claims challenging his pre-removal detention under § 1225(b)(2) are now moot. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("The removal order became administratively final . . . when the Board of Immigration Appeals dismissed the appeal of the immigration judge's decision. Consequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.") (citations omitted); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947-48 (S.D. Tex. 2020) ("Any prolonged detention claim related to Petitioner's prior detention under § 1225(b) became moot when the BIA's dismissal of Petitioner's appeal shifted her detention to the framework erected in § 1231.").

To the extent the Petition is liberally construed to challenge Petitioner's post-removal detention, such claim is premature under the framework set forth in *Zadvydas v. Davis,* 533 U.S. 678 (2001). Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original).

In *Zadvydas,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe

that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner's removal order became administratively final on April 23, 2026, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ."). The 90-day removal period does not expire until July 22, 2026. The six-month period of presumptively valid detention following the removal period will not expire until January 22, 2027.

Here, the 90-day removal period has not yet expired, and Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie*, 418 F. App'x at 318; *see also Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade,* 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

**RECOMMENDATION**

The undersigned recommends that the Petition [1] be denied and dismissed without prejudice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 8th day of July, 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE